IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRENDA GURNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00016 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALLEGHANY HEALTH AND | ) | |
| REHAB/GL VIRGINIA | ) | |
| ALLEGHANY, LLC | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Brenda Gurney alleges that Defendant Alleghany Health and Rehab discriminated against her based on her age and subsequently terminated her in retaliation for her complaints regarding that discrimination. The matter is now before the court on Defendant's motion to dismiss Gurney's complaint for failure to state a claim. Because oral argument would not help the court's decision-making process, the court will forego oral argument and decide the motion on the briefs filed by the parties. For the reasons stated below, Defendant's motion to dismiss will be granted.

## I.   BACKGROUND

In February of 2020, Gurney worked as a nurse at Alleghany Health and Rehab. At the time, Gurney was at least 69 years old.[1] Gurney alleges that on February 20, 2020, two other nurses stated that there needed to be another nurse on Gurney's floor because she was too old to handle the floor herself. (ECF No. 1 at 2.) That same day, Gurney alleges that Janelle

---

[1] Gurney does not plead her age at the time of the events leading to this litigation, only her current age.

Herald, a young nurse who had recently obtained her LPN certification, told a colleague that Herald would take over Gurney's hall when she obtained her RN certification because Gurney was too old. (*Id.* at 2–3.) The other nurse expressed agreement with Herald's statement.

Gurney alleges that she told Herald that her comments were inappropriate, and that Gurney was perfectly capable of doing her job. The next day, Herald told Gurney that she had repeated her statements about Gurney's age to the director of nursing, Judy Williams. This prompted Gurney to file a formal complaint regarding age discrimination on February 22, 2020. (*Id.* at 3.) Eleven days later, on March 4, 2020, Defendant terminated Gurney. (*Id.*)

On October 5, 2020, Gurney filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). That charge described Herald's statements and Gurney's subsequent termination but did not mention Gurney's complaint or any potential retaliation by defendant. (*See* ECF No. 7-1 at 2.) On December 7, 2020, the EEOC dismissed Gurney's charge and issued a Notice of Right to Sue. (*See* ECF No. 11-2.) Seven days later, after the charge had been dismissed, Gurney filed an "Amended Charge of Discrimination" that contained facts regarding her formal complaint of age discrimination and potential retaliation by defendant. (*See* ECF No. 9-1.) One month later, and before she heard back from the EEOC on the "amended" charge, she filed this suit alleging age discrimination and retaliatory discharge in violation of the Age Discrimination in Employment Act. (ECF No. 1 at 3–4.)

## II.   ANALYSIS

Defendant argues that Gurney's complaint fails to state a claim because she failed to exhaust her administrative remedies with respect to retaliatory discharge and because she has not alleged facts supporting a claim of age discrimination. The court agrees with Defendant in both respects.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. *Id.* The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the complaint must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Gurney has failed to demonstrate that she exhausted her administrative remedies with respect to her retaliation claim. Prior to bringing an age discrimination claim under the ADEA,

a plaintiff must file a charge of discrimination with the EEOC. 29 U.S.C. § 626(d); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Because a plaintiff is required to exhaust administrative remedies with the EEOC prior to filing suit in court, any claims not presented in an EEOC charge of discrimination may not be considered in a subsequent federal discrimination suit. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996)).

Gurney's original EEOC charge of discrimination does not list retaliation as a cause of action against her employer. The form provides several check boxes listing possible sources of discrimination, and the box for "retaliation" is not checked on Gurney's charge. (*See* ECF No. 7-1 at 1.)  More importantly, the charge of discrimination does not contain any of the facts underlying Gurney's retaliation claim. The crux of her retaliation claim in this court is that she complained about the allegedly ageist remarks and was subsequently terminated. The charge of discrimination does not mention any complaint. (*See id.* at 2.)

Gurney makes two arguments as to why the court should overlook the lack of a retaliation claim in her EEOC charge. First, she argues that her retaliation claim is exempted from the exhaustion requirement under *Nealon v. Stone*, 958 F.2d. 584 (4th Cir. 1992). (*See* ECF No. 10 at 3.) It is not. *Nealon* only applies where a plaintiff's employer retaliates against them for filing an EEOC charge of discrimination. *See Nealon*, 958 F.2d at 590. Gurney does not allege that she was fired for filing an EEOC charge, and *Nealon* is therefore inapplicable. Second, she argues that she filed an amended charge of discrimination containing the facts underlying her retaliation claim. (*See* ECF No. 10 at 3.) Gurney attaches this "amended" charge to her Reply, and on it she has checked the box for retaliation and provided the fact underlying

her retaliation claim. However, what she provided is not an amended charge, but a charge she filed after the EEOC dismissed her case. (*See* ECF Nos. 9-1; 11-2). Gurney's charge was dismissed on December 7 and her "amended" charge was not filed until 13 days later, on December 20. Standing alone, such a filing is insufficient to demonstrate that Gurney has exhausted her administrative remedies. The filing of an EEOC charge is not a formality or technicality, but a substantive and important part of discrimination law. *See Balas*, 711 F.3d at 407; *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Filing a document on the docket of a closed case (and doing so less than a month before filing federal suit) does not accomplish the substantive purposes of the exhaustion requirement and treats the EEOC charge as a mere technicality.

However, if Gurney can demonstrate that the "amended" charge she has provided the court triggered an EEOC proceeding despite the fact that it was filed after dismissal of her original charge—by, for example, providing the court with a new notice of dismissal for the amended charge—she will likely have fulfilled the exhaustion requirement. For that reason, the court will dismiss her retaliation claim without prejudice.

Gurney's second claim is that defendant discriminated against her based on her age in violation of the ADEA. The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age "because of" the person's age. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff may make a case of such discrimination either through direct or circumstantial evidence. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009). Where a plaintiff chooses to utilize circumstantial evidence, the court applies the *McDonnell Douglas* burden-shifting framework. At the first stage of the *McDonnell Douglas*

analysis, a plaintiff must make a *prima facie* case of discrimination by proving (1) at the time of her firing, she was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) her employer nonetheless discharged her; and (4) a substantially younger individual with comparable qualifications replaced her. *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

Gurney has not sufficiently pleaded  the fourth element because she alleged no facts showing that she was replaced with a younger individual. Indeed, she has pleaded no facts that would give rise to any inference of age discrimination on the part of her supervisors. The only evidence of age-related animus by anyone in her complaint are comments by her peers, which are irrelevant to her ADEA claim. The ADEA is concerned with whether Gurney was discharged for a discriminatory reason, not whether her peers thought ill of her based on her age. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996). Without evidence of a younger replacement or other evidence of age discrimination by her supervisors, Gurney has failed to state a claim for discrimination under the ADEA.[2]

### III.   CONCLUSION

Because Gurney's "amended" charge does not demonstrate exhaustion and because her claim does not fall under *Nealon v. Stone*, 958 F.2d. 584 (4th Cir. 1992), her retaliation claim will be dismissed without prejudice. Because she has not pleaded any facts demonstrating discriminatory animus or that she was replaced by a younger employee, her discrimination claim will also be dismissed. A separate order will issue.

---

[2] Gurney's response to the motion to dismiss argues that defendant could be liable under a "cat's paw" theory of discrimination. This argument lacks any basis in fact or law and need not be addressed.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 22nd day of March, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE